UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                   :

JOSE HERNANDEZ,                      :
                                   :
                    Plaintiff,   :           1:25-cv-3872-GHW
                                   :
             -v-             :            ORDER
                                   :

26 BRUCKNER LLC, *et al.*,         :
                                   :
                 Defendants.  :
                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On June 26, 2026, the parties jointly submitted a Stipulation of Remediation and Proposed Order to the Court, requesting that the Court enter it as an order of this Court.  Dkt. Nos. 25, 25-1.

"A court must scrutinize a proposed settlement before giving it a judicial imprimatur." *United States v. Int'l Bhd. of Teamsters*, 970 F.2d 1132, 1137 (2d Cir. 1992); *cf. United States v. New York City Hous. Auth.*, 347 F. Supp. 3d 182, 206 (S.D.N.Y. 2018) ("[A] federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (citing *Local No. 93 Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).  "The district court must ensure that the agreement 'does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.'" *Teamsters*, 970 F.2d at 1137 (citation omitted).  Indeed, the Second Circuit has "often compared stipulated settlements to contracts, and . . . consistently applied the law of contract to disputes concerning the construction and enforcement of settlements . . .  However, when a district court 'so orders' a stipulated settlement, it [accepts] some obligations [including] the duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000).  "In many cases, a stipulated settlement will contemplate actions that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2026

When a district court 'so orders' a settlement containing such provisions, it is, with some limited exceptions, obliged to perform." *Id.*; *see also Sanchez v. Maher*, 560 F.2d 1105, 1108 (2d Cir. 1977) ("The district court has not only the power, but the duty to enforce the stipulation which it had approved.").

The Court declines to endorse the parties' stipulation and proposed order. The Court does not have a basis upon which to conclude that the terms of the parties' private agreement are appropriate, and the Court is unwilling to convert a private agreement into a Court order without a factual or legal framework to do so.

SO ORDERED.

Dated: June 29, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2